UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EDWARD TRENT ROBINSON** *Plaintiff* | * * * | NO. 23-01078 |
| | * | JUDGE: |
| **VERSUS** | * * | |
| **PATRICK A. JACKSON, DAYNA L. DORICICH, and JOHN R. McGREGOR** *Defendant* | * * * * | SECT. L MAG. 1 MAG. JUDGE: |

## COMPLAINT

NOW INTO COURT, through the undersigned counsel comes the Plaintiff, Edward Trent Robinson, who respectfully avers as follows:

### JURISDICTION AND PARTIES

1. This suit is brought pursuant to Americans with Disabilities Act ("ADA") and Americans with Disability Act Amendments Act ("ADAAA") 42 USC §12101, *et seq.*

2. This court has subject matter jurisdiction pursuant to 28 USC §1331.

3. Plaintiff, Edward Trent Robinson, ("Robinson") is a citizen of the United States and a resident of the state of Louisiana.

4. Defendant, PATRICK A. JACKSON, DAYNA L. DORICICH, and JOHN R. McGREGOR the homeowners and caretaker (collectively LANDLORDS) of the domicile located within the in the City of New Orleans and can be served through its agent for service of process.

5. The LANDLORDS meets all of the requirements for the ADA as it is a residence open to the public.

6. Robinson is the leaseholder and sole signatory of the residential lease registered in Orleans Parish.

Fee____Pauper____
Process____
X Dktd____
____CtRmDep____
____Doc.No.____

7. The events giving rise to this litigation occurred in New Orleans, Louisiana, in the Eastern District of Louisiana. Accordingly, the venue lies in the United States District Court for the Eastern District of Louisiana under 28 USC §1391(b).

## STATEMENT OF FACTS

8. Robinson repeats and realleges paragraphs 1-7 above.

9. Robinson was receiving FEMA Continued Temporary Housing Assistance (CTHA) in 2022.

10. Robinson was diagnosed with acute stress disorder / anxiety after emergency hospitalization in March, 2022. LANDLORDS are aware of CTHA and Robinson having a disability.

11. On or about April 14th, 2022, prior to initial inspection Robinson advised LANDLORDS directly that he needed accommodations to protect minor son (11) and PSD service animal.

12. On or about April 15th, 2022, following initial inspection, execution of the lease, and $1750.00 deposit, Robinson reiterated requests for accommodations, namely holes in flooring and gas leak.

13. On or about April 19th, 2022, Robinson requested LANDLORDS provide keys to move-in the following morning. LANDLORDS requested prorated rent ($850.00), all utilities be switched prior to the releasing of keys. Robinson paid. LANDLORDS did not meet, left keys outside.

14. Although provided additional time prior and post move-in, LANDLORDS failed to make timely and confirmed necessary repairs in order to protect minor child and service animal, namely but not limited to patching holes in and/or replacing flooring throughout the residence.

15. When Plaintiff complained about these issues to McGregor, he was retaliated against by being ignored for over 60 days until Robinson contacted homeowner Jackson directly.

16. On or about June, 7th 2022, Jackson confirmed the outstanding repairs to be made, submitting statement of responsibility, and notified Plaintiff that going forward to only deal with himself; and after harassment of service animal, contractor Mr. Corey Lenior would not return either.

Plaintiff could "repair/replace and deduct and/or call for service to deduct or schedule service to be paid by LANDLORDS.

17. On June 25th, 2022, at 7:36 AM, Jackson committed in writing to Plaintiff:

"Yes, I am willing to accept your terms as I understand: refund all rental paid to date, refund full deposit, mutually agree to terminate lease with no penalties to either party. Please let me know if this is how you would like to proceed."

**Claim 1: Americans with Disability Act and Americans with Disability Act Amendment Act.**

18. Robinson repeats and realleges paragraphs 1-17 above.

19. LANDLORDS were aware of Robinson's disabilities and acknowledge him as disabled.

20. Robinson requested accommodations, repair and deduct, and timely reimbursements.

21. These accommodations would not have imposed undue hardship on LANDLORDS and would have been effective.

22. Robinson was denied accommodations and LANDLORDS failed to engage in the interactive process of resolving his request for accommodations.

23. As a direct and proximate result of LANDLORD's wrongful acts and omissions, through its representatives, Robinson and his service animal have suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of enjoyment of life.

**Claim 2: ADA Retaliation**

24. Plaintiff repeats and realleges paragraphs 1-23 above.

25. After Plaintiff reported the issues with the holes in flooring (safety and pest control) accommodations to Mr. John Richard McGregor, he was accused twice of lying about disability in an effort to remove him from the lease after ignoring repairs for over 60 days.

26. Plaintiff was subject to an adverse action by being forced to pay out more than $2500.00 and invoiced for an additional $5000.00 in repairs at his own expense deducted from future rents. LANDLORDS repeatedly denied deductions, posted 5-Day Notice to Vacate each attempt.

**Claim 3: ADA Hostile Home Environment by LANDLORDS**

27. Robinson repeats and realleges paragraphs 1-26 above.

28. Robinson belongs to a protected class (Disabled and/or regarded as Disabled).

29. Robinson was subject to unwelcome harassment as alleged hereinabove.

30. Robinson's disability were factors that made a difference in LANDLORD's decision, through its representatives, to subject him to the wrongful and discriminatory treatment described above.

31. The harassment affected a term, condition, or privilege of his enrollment as alleged hereinabove.

32. Defendant LANDLORDS knew or should have known of the harassment in question and failed to take prompt remedial action.

## JURY DEMAND

33. Robinson demands a trial by jury on all issues triable by a jury.

## DAMAGES

34. Plaintiff repeats and realleges paragraphs 1-33 above.

35. Plaintiff seeks damages for mental anguish and emotional distress, humiliation and embarrassment, loss of enjoyment of life, punitive damages, attorney's fees, and all costs associated with the litigation, with interest from the date of judicial demand.

Respectfully submitted,

*[signature]*

EDWARD ROBINSON (pro sé)
400 State Street,
New Orleans, LA 70118
Tel: 310.309.1682
edwardtrent@mac.com