UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD T. ROBINSON<br>*Plaintiff* | * | CIVIL ACTION NO. 2:23-cv-1078 |
| | * | |
| | * | DISTRICT JUDGE ELDON E. FALLON |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| PATRICK A. JACKSON,<br>DAYNA L. DORICICH, and<br>JOHN R. McGREGOR<br>*Defendant* | * | JANIS VAN MEERVELD |

**<u>ORDER & REASONS</u>**

Before the Court is Defendants' Motion to Dismiss under Rule 12(b)(5) and Rule 12(b)(6). After reviewing the motion and applicable law, the Court now rules as follows.

**I.     BACKGROUND & PRESENT MOTION**

Pro se Plaintiff Edward Robinson sued his landlords, Defendants Patrick Jackson, Dayna Doricich, and John McGregor, alleging violations of the Americans with Disabilities Act (ADA). R. Doc. 1 at 1. Plaintiff premises his complaint on the assertion that his apartment residence is subject to the ADA because it is "a residence open to the public." *Id.* Plaintiff describes that he was diagnosed with acute stress disorder/anxiety following an emergency hospitalization in March of 2022 and that on April 14, 2022, he informed Defendants of his necessary accommodations, specifically for his minor son and service animal. *Id.* On April 15, 2022, after the initial inspection, Plaintiff executed a lease with Defendants as landlords and paid a security deposit. *Id.* He alleges that he reiterated his requests for accommodations at this time, calling attention to "holes in flooring and gas leak." *Id.* On April 19, 2022, Plaintiff alleges Defendants failed to leave him the

1

keys as promised despite paying the required pro-rated rent. *Id.* He alleges he continued to request repairs to holes in the floor but was "retaliated against by being ignored for over 60 days until [he] contacted homeowner Jackson directly." *Id.* He also describes that a contractor the landlords sent to the property on June 7, 2022 harassed his service animal. *Id.* Plaintiff claims that following this contractor issue, homeowner Jackson told him he could deduct repair payments from his rent. *Id.* at 2-3. Plaintiff then recounts that on June 25, 2022, Jackson offered him in writing to refund rent paid thus far and to mutually terminate the lease without penalties. *Id.* at 3.

Plaintiff alleges three claims: (1) failure to accommodate because of the failure to repair the holes in the floor; (2) retaliation, including that Defendant McGregor accused Plaintiff of lying about his disability and that Plaintiff was forced to incur thousands of dollars in repair costs to be "deducted from future rents" only to have those deductions denied and to receive a notice to vacate after each attempt to deduct; and (3) that his landlords created a hostile environment. *Id.* at 3-4. Plaintiff seeks damages for "mental anguish and emotional distress, humiliation and embarrassment, loss of enjoyment of life, punitive damages, attorney's fees, and all costs associated with the litigation, with interest from the date of judicial demand." *Id.* at 4.

Plaintiff filed his complaint on March 28, 2023 and summonses were issued to Defendants on March 29, 2023. The docket indicates that all three Defendants were issued a summons however only the summonses issued to Doricich and McGregor are attached to the record entry. See R. Doc. 4. Plaintiff includes all three summons forms with his complaint. R. Doc. 1-1; R. Doc. 1-2; R. Doc. 1-3.

Defendants filed no answer but on August 11, 2023 they filed the instant Motion to Dismiss, urging the Court to dismiss Plaintiff's complaint under Rule 12(b)(5) for failure to effect service within the days allowed by law and, alternatively, under 12(b)(6). R. Doc. 7. Defendants

aver that none of the three named Defendants have been served within the ninety days required by the Federal Rules and that Plaintiff's claim fails as a matter of law because (1) the ADA does not apply to residences; (2) that even if the ADA did cover the premises, ADA violations are limited to injunctive relief for private suits and Plaintiff thus cannot recover the damages he seeks; and (3) Plaintiff failed to set forth facts showing he was discriminated against because of a disability. R. Doc. 7-1 at 3-7. Plaintiff filed no opposition.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a claim based on "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court's inquiry should focus on the complaint as a whole, regardless of how much of it is discussed in the motion to dismiss. Dismissal is improper if the allegations support relief on any possible theory." *United States ex rel. Bias v. Tangipahoa Parish School Board*, 816 F.3d 315, 321 (5th Cir. 2016) (internal citations omitted). When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### III. DISCUSSION

Defendants argue for dismissal for failure to effect service and for failure to state a claim. While there are questions about the sufficiency of service, the Court will decide the motion under Rule 12(b)(6), and accordingly will not address service question.

Defendants argue that Plaintiff's complaint must be dismissed because he alleges violations of the ADA relating to his private residential apartment, which is not a public accommodation as defined by the statute. R. Doc. 7-1 at 1-2. The ADA includes some private entities in the definition of public accommodation, such as theaters, restaurants, and other similar establishments "if the operations of such entities affect commerce." 42 U.S.C. §12181(7). Also included in the statutory definition is "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." *Id.* at § 12181(7)(A).

Federal courts have frequently held that residential apartments are not public accommodations and thus are not covered under the ADA. *See, e.g.*, *Regents of Mercersburg College v. Republic Franklin Insurance Co.*, 458 F.3d 159, 165 (3d Cir. 2006) (holding that dormitories are not public accommodations because they "are more akin to residential units such as apartments and condominiums–which are not covered by the ADA–than transient lodging like inns, hotels, and motels - which are covered"); *Felknor v. Tallow Wood Apartments*, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009) ("The Court agrees with Defendants that residential apartment complexes are not places of 'public accommodation' and, thus, not covered by the ADA."); *Whitaker v. West Village Ltd. Partnership*, 2004 WL 2005802, at *2 (N.D. Tex. Sept. 8, 2004) (noting that "residential units are not places of publica accommodation as defined by the

4

ADA" but that public areas like the parking lot of a retail area associated with a housing community is a public accommodation).

Plaintiff's rental residence is not a place of public accommodation as defined by the ADA. Accordingly, there is no need for the Court to address Defendants' alternative arguments. For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this __8th__ day of ____September____, 2023.

_____<br>
United States District Judge